BERNICE LUCK V. THE STATE.

No. 10656.   Delivered February 9, 1927.

**Drunkenness—Appellate Jurisdiction of Court of Criminal Appeals.**

Where appellant was convicted of a misdemeanor, punishable by a fine not exceeding $100.00 in a Justice Court, appealed to the County Court, where he was again convicted, and his punishment fixed at a fine of eighty-five dollars, an appeal cannot be taken from such conviction to the Court of Criminal Appeals. See Art. 53 C. C. P. 1925. Following Verga v. State, 280 S. W. 776.

Appeal from the County Court of Somervell County.   Tried below before the Hon. J. H. Adams, Judge.

Appeal from a conviction of drunkenness, penalty a fine of eighty-five dollars.

The opinion states the case.

No brief filed for appellant.   *E. T. Adams,* County Attorney of Somervell County.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Drunkenness in a public place is the offense; punishment fixed at a fine of eighty-five dollars.

Appellant was tried in the Justice Court and convicted, the jury assessing against him a fine of seventy-five dollars.   On appeal to the County Court and trial *de novo* he was again convicted and his punishment fixed at a fine of eighty-five dollars. His appeal to this court is unauthorized by reason of Art. 53, C. C. P., 1925, which reads thus:

"The Court of Criminal Appeals shall have appellate jurisdiction co-extensive with the limits of the State in all criminal cases.   This article shall not be construed as to embrace any case which has been appealed from any inferior court to the county court, or county court at law, in which the fine imposed by the county court or county court at law shall not exceed one hundred dollars."

See also Verga v. State, 280 S. W. 776.

The appeal is dismissed.                          *Dismissed.*